IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Victor Glen Wilkes, | ) C/A No. 8:12-3046-TLW-JDA |
| | ) |
|           Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Warden, FCI-Edgefield, | ) |
| | ) |
|           Respondent. | ) |
| _____ | ) |

Petitioner, a federal prisoner proceeding *pro se* and *in forma pauperis*, files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening. Having reviewed the Petition and applicable law, the Court finds that the Petition should be summarily dismissed without prejudice because this Court lacks jurisdiction to entertain it.

## BACKGROUND

**Underlying Conviction, Appeal, and Previous Collateral Attack**

Petitioner, a prisoner in the Bureau of Prisons' Federal Correctional Institution ("FCI") Edgefield in Edgefield, South Carolina, files this "Motion to Vacate Sentence Under 28 U.S.C. § 2241; Alternate Petition for a Writ of Audita Querela" under 28 U.S.C. § 1651, which has been docketed as a § 2241 habeas petition. ECF No. 1, p. 1. Petitioner seeks to vacate his conviction and to be re-sentenced in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). *Id.* Petitioner alleges that he was convicted of violating 18 U.S.C. §§ 922(g)(1), 924(a), and 924(e) and sentenced, on June 23, 2004, as an armed career

criminal. Petitioner alleges that he is entitled to relief because he had no predicate offenses that constituted "any crime punishable by imprisonment for a term exceeding one year," as required by 924(e)(2)(B). Petitioner alleges that his situation falls under Simmons, because Petitioner had no predicate convictions which carried a sentence of greater than one year and, in fact, prior to his current federal offense, Petitioner had only ever served a 7-month sentence in a youth detention center. Petitioner alleges that he "should be excused from any procedural defaults based on actual innocence." ECF No. 1, p. 3.

Petitioner filed a direct appeal alleging that the sentencing court (United States District Court Judge Terry L. Wooten) erred in considering Petitioner's prior convictions as part of the sentencing calculus, when those convictions were not found by a jury beyond a reasonable doubt, and that the court erred in its imposition of a mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2000) ("ACCA"), because it impermissibly determined that his prior convictions occurred on different occasions. The Fourth Circuit affirmed the district court's judgment. Petitioner then filed a § 2255 motion to vacate his conviction and sentence, alleging ineffective assistance of counsel on two bases: (1) counsel failed to use every available ground to challenge Petitioner's classification as an Armed Career Offender pursuant to 18 U.S.C. §924(e), *i.e.* counsel argued before sentencing and on appeal that Petitioner's three prior housebreaking convictions listed in his presentence report should have been considered as one offense for purposes of analysis under §924(e) where the offenses were (a) committed within 24 hours (b) were committed in the same geographic location (c) all substantially the same and (d) reflected a single criminal objective; counsel neglected,

2

however, to argue that these offenses should not be counted as more than one offense where they would only count as one youthful offender judgment/conviction for purpose of sentencing under the S.C. Youthful Offender Act, S.C. Code Ann. §17-25-50, and *Gordon v. State*, 356 S.C. 143, 588 S.E.2d 105 (S.Ct. 2003); and (2) counsel failed to challenge the use of prior judgments for enhancement purposes where the Government had not demonstrated that Petitioner was represented by counsel on some of the predicate offenses. Judge Wooten granted the Government's motion for summary judgment and denied Petitioner's § 2255 motion. Petitioner filed a notice of appeal, but the appeal was dismissed by the Fourth Circuit when Petitioner failed to prosecute it. *See United States v. Wilkes*, C/A No. 4:04-cr-00145-TLW (D.S.C.), ECF Nos. 39, 45, 55.[1]

Now, Petitioner alleges that, like the petitioners in *United States v. McClain*, No. 3:12-cv-05 (W.D.N.C. Jan. 18, 2012) and *Simmons*, Petitioner is actually innocent of his 922(g)(1) conviction since his prior convictions no longer qualify as "violent felonies." Petitioner alleges that § 2255 is inadequate or ineffective and that he meets the "savings clause criteria of § 2255(e) which allows a federal prisoner to use § 2241 based on *In re: Jones*. Petitioner alleges that *Simmons* changed the substantive law such that the conduct of which Petitioner was convicted was deemed not to be criminal, *i.e.* "Petitioner was no longer deemed to be a recidivist and the conduct of which he was convicted was no longer a recidivist offense." ECF No. 1, p. 5.

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3

In the alternative, Petitioner alleges that he is entitled to relief through a writ of audita querela because he raises a legal - as opposed to an equitable - objection to a conviction or sentence that has arisen after his conviction and that cannot be addressed under any other post-conviction remedy. Petitioner cites to Second and Seventh Circuit cases in support of this proposition. *Id.*

Finally, Petitioner alleges that his "criminal history category is wrong." Petitioner alleges that he is serving a fifteen year sentence, having been classified as an armed career criminal, because "although sentenced to a term of 6 years at age 17, provided that Petitioner did not violate any rules or added offenses (which Petitioner did not) then the longest term was the term served o[f] 7 months." Petitioner lists four prior convictions: (1) 11/20/1978 (age 17) house breaking/petit larceny - pled guilty, one year suspended, five weekends incarcerated, two years probation (terminated on 01/24/1979); (2) 12/29/1978 (age 17) house breaking/larceny - pled guilty, YOA sentence not to exceed six years, actual term of incarceration was seven months; (3) 03/09/1992 possession of crack cocaine, two years probation; and (4) 03/31/1997, possession of crack cocaine, five years suspended, two years probation. *See* ECF No. 1, p. 6.

## APPLICABLE LAW

### Liberal Construction of *Pro Se* Petition

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less

stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal. Id. at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Habeas Corpus**

### *Generally*

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"); *Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). A petition under § 2241 must be brought against the warden of the

facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *Miller*, 871 F.2d at 490.

### *Savings Clause of § 2255*

A petition attacking the validity of a federal sentence should normally be brought under 28 U.S.C. § 2255; however, if the petitioner can satisfy the savings clause of § 2255,[2] he may pursue relief through a § 2241 habeas petition.[3] *See San-Miguel v. Dove*, 291 F.3d 257, 260–61 (4th Cir. 2002); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner would

---

[2] The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

[3] Second or successive § 2255 petitions are prohibited unless the second or successive petition is

> certified as provided in section 2244 by a panel of the appropriate courts of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

have to show that something more should be considered by this Court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *Jones*, 226 F.3d at 333-34. The test provided in *In re Jones* requires that (1) at the time of the conviction, settled law of the United States Court of Appeals for the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the petitioner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[4]  *Id.*

## **DISCUSSION**

The Court lacks subject matter jurisdiction over the Petition because Petitioner cannot satisfy the savings clause of § 2255. Here, Petitioner is challenging the legality of his sentence, and "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333-34); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility

---

[4] The Fourth Circuit has held that the relief in *Carachuri-Rosendo v. Holder*, 560 U.S.   , 130 S. Ct. 2577 (2010), as applied in *Simmons*, is not retroactively available in motions for relief under § 2255.  *See United States v. Powell*, 691 F.3d 554 (2012); *United States v. Harmon*, Cr. No. 3:09-825-CMC, 2012 U.S. Dist. LEXIS 153829, 2012 WL (D.S.C. Oct. 26, 2012). However, Defendant's prior state court convictions were State of South Carolina convictions. The *Simmons* decision applies narrowly to the structured sentencing regime in North Carolina in place at the time Simmons was sentenced for his North Carolina convictions.  *See United States v. Blocker*, Cr. No. 3:07-466-CMC, 2012 U.S. Dist. LEXIS 142004 (D.S.C. Oct. 2, 2012).

stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"); *Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir. 2011) (en banc) (stating, where the petitioner argued he was "actually innocent" of being a career offender when carrying a concealed firearm was no longer a crime of violence, "[e]very circuit to decide this issue has reached the same conclusion we do: the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h). Not one circuit has held to the contrary."). Further, Petitioner has failed to demonstrate a change in the substantive law such that the conduct of which he was convicted is no longer deemed criminal. *See Jones*, 226 F.3d at 333-34. *See also Troy v. United States*, C/A No. 4:11-3373-TLW, Cr. No. 4:04-811, 2012 U.S. Dist. LEXIS 150177 at *18 (D.S.C. Oct. 18, 2012) in which defendant/petitioner's § 2255 motion was denied. Consequently, the instant § 2241 Petition fails to satisfy the requirements of the "savings clause" of § 2255(e) so as to provide this Court with jurisdiction to hear it, and the Petition must be dismissed.[5]

To the extent that Petitioner alleges that he is entitled to relief, in the alternative, through a writ of audita querela because he raises a legal - as opposed to an equitable - objection to a conviction or sentence that has arisen after his conviction and that cannot be addressed under any other post-conviction remedy, Petitioner's claim also fails. Petitioner cites to Second and Seventh Circuit cases which are not binding precedent in

---

[5] As the Fourth Circuit has noted, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

8

this circuit. Rule 60(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") specifically "abolished . . . writs of coram nobis, coram vobis, and audita querela." While Petitioner relies on 28 U.S.C. § 1651, under which "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, the instant Petition - if construed as a petition for writ of audita querela - is still subject to summary dismissal, based on Fed. R. Civ. P. 60(e), because a writ of audita querela is not agreeable to the usages and principles of law in this case. A "petitioner does not have a remedy under the All Writ[s] Act because he is barred from seeking relief pursuant to § 2255." *Cintron v. United States,* Civil Action No. 5:09cv103, Criminal Action No. 5:99CR51, 2010 WL 2545625 at *2 (N.D.W.Va. June 18, 2010). *See also Antley v. United States*, C/A No. 3:08-533 DCN, 2009 WL 2707426 at *4 (D.S.C. June 11, 2009) (citing *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) ("[I]f Congress has forbidden federal prisoners to proceed under 2241 even when 2255 is closed to them - then it would be senseless to suppose that Congress permitted them to pass through the closed door simply by changing the number 2241 to 1651 on their motions.")).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the Petition be summarily dismissed, without prejudice and without requiring Respondent to file a return. Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.


November 21, 2012                                        s/Jacquelyn D. Austin
Greenville, South Carolina                               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).